## United States Express Co. v. Lou Burke et al.

1. COMMON CARRIERS—*Liability in Respect to Live Stock.*—In accepting live stock for transportation the carrier undertakes to use ordinary care for its safety commensurate with its nature and condition, and all contracts in which the carrier undertakes to limit its liability in this respect to less than the use of ordinary care for the safety of such stock may be rejected.

Action in Case.—Loss of live stock shipped by express. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

CHARLES L. CAPEN, attorney for appellant.

F. Y. HAMILTON and WELTY & STERLING, attorneys for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was before us at a former term (Burke v. U. S. Express Co., 87 Ill. App. 505), and the judgment was then reversed and the cause remanded for errors of law, as stated in the opinion of the court.

The case having been re-instated in the trial court, a trial by jury ended in a verdict and judgment against the appellant for $400, to reverse which this appeal is brought, and to effect such reversal it is argued the court erred in its rulings upon the evidence, its instructions to the jury, both given and refused, and that the verdict is not supported by the evidence.

We find no prejudicial errors in the admission or rejection of evidence in the case, and upon examination of the instructions we think they conform to the law as declared in our former opinion, and all that was proper in the refused instructions is contained in those given by the court.

The suit is to recover for the value of a hog shipped from Dakota to appellees at Bloomington, Illinois, which died in transit. The hog was placed in an express car, located between the engine and the passenger coaches. The heat

for all the coaches was supplied by steam from the engine. The time of shipment was in the month of February. We think the jury were warranted, by the evidence in the case, in finding, that in consequence of the animal (which weighed over 600 pounds) being placed in a car heated with steam, through which other cars were also heated, it was smothered, and thereby killed. In so treating such an animal we think appellant was guilty of a want of ordinary care, and in this respect the verdict is right.

By accepting this kind of freight, appellant undertook to use ordinary care for its safety, commensurate with its nature and condition, and it was proper for the trial court, as it did, to reject the written contract or receipt, wherein appellant undertook to limit its liability in this respect, to less than the use of ordinary care for the safety of the property consigned to its care for shipment. This principle is elementary as applied to common carriers, such as appellant.

We accept the verdict of the jury, with the approval of the trial court, as decisive of the facts, and the trial court having given to the jury the law of the case, in substance as we defined it in our former opinion, which is binding authority in this case (Wilson v. Carlinville Nat. Bank, 87 Ill. App. 364), nothing remains for this court but to affirm the judgment of the Circuit Court, which is done accordingly.

Judgment affirmed.